# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-378
Lower Tribunal No. 20-9173
_____

**Ravneet Chowdhury, etc.,**
Appellant,

vs.

**BankUnited, N.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Coffey Burlington, P.L., and Kendall B. Coffey, Jeffrey B. Crockett and Scott A. Hiaasen, for appellant.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Craig S. Barnett and Chelsea E. Koff (Fort Lauderdale), for appellee.

Before FERNANDEZ, C.J., and SCALES and LOBREE, JJ.

SCALES, J.

Appellant Ravneet Chowdhury ("Chowdhury"), individually and in her capacity as the personal representative for co-appellant Estate of Anand Chowdhury (the "Estate"),[1] defendants/counter-plaintiffs below (together "Guarantors"), challenge a final summary judgment that: (i) found the Estate liable to appellee BankUnited, N.A. ("Lender"), plaintiff/counter-defendant below, on a June 28, 2012 personal guaranty executed by Anand Chowdhury; (ii) found Ravneet Chowdhury liable to Lender on a July 31, 2019 personal guaranty executed by her; and (iii) found that Guarantors were not entitled to relief on their counterclaim against Lender for breach of fiduciary duty. Because the summary judgment record plainly and clearly evidences that (i) Lender did not breach any fiduciary duty allegedly owed to Guarantors, and (ii) Chowdhury's personal guaranty was supported by consideration, we affirm the challenged final summary judgment in all respects.

## I.    Relevant Background

In their personal guaranties, Guarantors unconditionally guaranteed the loan obligations of several corporate borrowers. When the corporate borrowers defaulted on these loan obligations, Lender brought suit against

---

[1] Anand Chowdhury, husband of Ravneet Chowdhury, passed away in August 2020, during the pendency of the lower proceedings.

the borrowers for breach of the promissory note and to foreclose its security interest, and against Guarantors to enforce their personal guaranties.

Both as a counterclaim and as an affirmative defense to Lender's action seeking enforcement of their personal guaranties, Guarantors alleged that Lender had breached fiduciary duties owed to Guarantors by, among other things, ignoring a "bona fide offer from another Bank customer . . . for a wholesale purchase of the [corporate borrowers]." Chowdhury raised an additional affirmative defense that was unique to the enforcement of her personal guaranty – i.e., that her guaranty was not supported by consideration.

Lender moved for summary judgment both on its claim to enforce Guarantors' personal guaranties and on Guarantors' counterclaim for breach of fiduciary duty. After conducting a January 13, 2022 hearing, the trial court entered the challenged final summary judgment. Chowdhury then moved for rehearing, challenging only that aspect of the judgment that concluded Chowdhury's personal guaranty was supported by consideration. After holding a February 24, 2022 hearing, the trial court denied Chowdhury's motion for rehearing. This appeal ensued.

## II. Analysis[2]

On appeal, Guarantors assert that fact issues precluded the entry of final summary judgment in Lender's favor. We disagree.

---

[2] Because the summary judgment hearing was held after May 1, 2021, the trial court applied Florida's "new" summary judgment standard. See In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 76 (Fla. 2021). Under the new standard, the parties' summary judgment burdens varied depending on who bore the burden of persuasion at trial. See In re Amendments to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 193 (Fla. 2020) (citing Salo v. Tyler, 417 P. 3d 581, 587 (Utah 2018)). To wit, Lender bore the burden of persuasion at trial on its action to enforce the personal guaranties. In moving for summary judgment, therefore, Lender was required to make an initial showing that there was no genuine dispute as to any material fact and that Lender was entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(a). To meet this initial burden, Lender was required to cite to "particular parts of materials in the record." Fla. R. Civ. P. 1.510(c)(1)(A). Once Lender satisfied this initial burden, the burden then shifted to Guarantors either to (i) show that the particular materials cited by Lender did not establish the absence of a genuine dispute as to any material fact, or (ii) cite to *other* materials in the record that established the presence of a genuine dispute as to a material fact. See Fla. R. Civ. P. 1.510(c)(1)(A)-(B). Further, to the extent that Guarantors relied on an affirmative defense to Lender's claim, Guarantors bore the burden of showing that the affirmative defense was applicable and, therefore, precluded entry of summary judgment. See G & G In-Between Bridge Club Corp. v. Palm Plaza Assocs., Ltd., 48 Fla. L. Weekly D275, 2023 WL 1806108, at *5 (Fla. 2d DCA Feb. 8, 2023) (citing Office of Thrift Supervision v. Paul, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997)). Only upon Guarantors' showing that an affirmative defense was applicable did the burden then shift back to Lender regarding that affirmative defense. Id. (citing Blue Cross & Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990)).

As for Guarantors' counterclaim for breach of fiduciary duty, the parties' summary judgment burdens were switched because Guarantors bore the burden of persuasion at trial on that claim.

As to Lender's alleged breach of a fiduciary duty, the trial court correctly concluded that even if we were to assume Lender owed some kind of fiduciary duty to Guarantors,[3] Lender's refusal to accept or negotiate an unreasonable third-party offer to purchase the corporate borrowers' business[4] did not constitute a breach of any fiduciary duty. See Capital Bank v. MVB, Inc., 644 So. 2d 515, 518-19 (Fla. 3d DCA 1994) ("Generally, the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities."). To be clear, Guarantors failed to present any evidence below that Lender breached a duty of care owed to them that typically arises only in "special circumstances." Id. at 520; Barnett Bank of W. Fla. v. Hooper, 498 So. 2d 923, 925 (Fla. 1986).

---

[3] Nothing herein should be construed as such a holding.

[4] Well after the corporate borrowers' loan obligation was in default, a competitor in the same line of business as the borrowers made an offer for the wholesale purchase of the borrowers' business. The competitor's offer, though, was for approximately half the outstanding debt and was conditioned on Lender releasing Guarantors from their personal guaranties. We agree with the trial court's findings that because Guarantors failed to submit "record evidence that a commercially reasonable offer was made or would have been made if there had been a negotiation," (i) "[i]t cannot seriously be argued . . . that [Lender's] failure to accept this offer constituted any kind of breach," and (ii) "the mere failure to negotiate a clearly unacceptable offer cannot be a breach of fiduciary duty."

5

As to Chowdhury's affirmative defense that her personal guaranty lacked consideration, the summary judgment record plainly evidences that: (i) the corporate borrowers' loan agreement required Lender's written consent to any change in the ownership or control of borrowers; (ii) as consideration for Chowdhury executing her personal guaranty, Lender gave its written consent allowing for Chowdhury to obtain a 50% ownership interest in borrowers;[5] and (iii) Chowdhury's personal guaranty expressly acknowledged both the receipt and legal sufficiency of this consideration.[6]

---

[5] Lender's July 31, 2019 e-mail to Chowdhury transmitting the personal guaranty contained the following language expressly relating to the consideration for Chowdhury executing the personal guaranty:

> Attached is a Guaranty for your review and signature which needs to be notarized. Please execute and send over notarized original copy as soon as you are able. As discussed the Bank consents to the 50% transfer of ownership for [the corporate borrowers' business] to yourself from Anand Chowdhury, conditioned upon receipt of your original executed guaranty. Please deliver the signed original to me via fed ex. Please contact me as needed.

On receipt of the July 31, 2019 e-mail, Chowdhury executed her personal guaranty and delivered it to Lender.

[6] Chowdhury's personal guaranty contained a recital provision acknowledging the receipt and legal sufficiency of other good and valuable consideration:

> NOW, THEREFORE, as an inducement to Bank to consider further extensions of credit to Borrower, including, without limitation, further extension, renewal, modification,

Faced with this record evidence, Chowdhury submitted her own declaration, attesting that "[Lender] did not advise or indicate that its consent to the ownership transfer was conditional upon, or would be withheld without, upon [sic] my guaranty of the Borrowers' obligations, as [Lender] had already agreed to such ownership transfer." Under the new summary judgment standard, though, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d at 75-76 (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on "whether the evidence

---

substitution, and enlargement of the Loan, and to extend such additional credit as Bank may from time to time agree to extend under the Loan Documents, *and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged,* the parties do hereby agree as follows:

(Emphasis added).

Further, section 6.8 of the personal guaranty provided:

**Recitals.** The recital and introductory paragraphs hereof are a part hereof, form a basis for this Guaranty and shall be considered prima facie evidence of the facts and documents referred to therein.

7

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." In re Amendments to Fla. R. Civ. P. 1.510, 309 So. 3d at 192 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). Because Lender's record evidence clearly contradicted Chowdhury's attestations that were not supported by any evidence of her own, we conclude that the trial court did not err in finding that (i) Chowdhury's declaration failed to raise a genuine issue of material fact on the issue of consideration, and (ii) Chowdhury failed to meet her burden to rebut the presumption that the consideration was adequate. See Lakes of Meadow Vill. Homes Condo. Nos. One, Two, Three, Four, Five, Six, Seven, Eight, & Nine Maint. Ass'ns, Inc. v. Arvida/JMB Partners, L.P., 714 So. 2d 1120, 1123 (Fla. 3d DCA 1998).

Affirmed.